1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**James C. Mahan**
**U.S. District Judge**

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

STEPHEN G. DeNIGRIS, ESQ.,

        Plaintiff,

v.

LAS VEGAS POLICE MANAGERS
AND SUPERVISORS ASSOCIATION,
INC.,

        Defendant.

2:11-CV-119 JCM (RJJ)

**ORDER**

        Presently before the court is defendant Paul Page's ("Page") motion to dismiss. (Doc. #52). Plaintiff Stephen G. DeNigris filed an opposition. (Doc. #56). Page then filed a reply. (Doc. #59). Also before the court is defendant Las Vegas Police Managers and Supervisors Association, Inc.'s ("the association") motion for partial summary judgment. (Doc. #34). Plaintiff filed an opposition. (Doc. #49). The association then filed a reply. (Doc. #53).

**Motion to dismiss**

        Page moves to dismiss the claims in the amended complaint as they relate to him. (Doc. #52). Specifically, Page asserts that plaintiff's defamation per se claim should be dismissed because the alleged statements were conditionally privileged. (Doc. #52). Further, the claim for tortious interference with contractual relations must be dismissed because plaintiff cannot prove a contract existed between plaintiff and defendants. (Doc. #52). Plaintiff opposes Page's motion, arguing that

it is premature and it relies on evidence outside of the pleadings. (Doc. #56).

## Legal Standard

A complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement of the claim is intended to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts may dismiss causes of action that "fail[] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

The court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Further, the court must draw all reasonable inferences in plaintiff's favor. *Twombly*, 550 U.S. at 547. However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). Although "not akin to a 'probability requirement,'" the plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

Pursuant to Federal Rule of Civil Procedure 12(d), a court may convert a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment if the moving party relies on matters outside of the pleadings. FED. R. CIV. P. 12(d). However, all parties must be given a reasonable opportunity to present pertinent material. *Id.*; *Grove v. Mead School Dist. No. 354*, 753 F.2d 1528, 1532 (9th Cir. 1985).

### I. Defamation per se

Page argues that the court should dismiss the claim for defamation per se because the allegedly defamatory statements were conditionally privileged. (Doc. #52). Once Page shows that the statements were conditionally privileged, the burden then shifts to the plaintiff to prove that the statements were published with malice in fact. (Doc. #52).

James C. Mahan
U.S. District Judge

- 2 -

1    In opposition, plaintiff argues that he has pled a valid claim for defamation per se, including
2  an allegation that the statements were an unprivileged publication to a third person. (Doc. #56).
3  Further, plaintiff argues that Page's assertion of conditional privilege at the motion to dismiss stage
4  is premature because it raises a factual issue of whether the statements were made in good faith and
5  in the absence of malice. (Doc. #56).

6    "A qualified or conditional privilege exists where a defamatory statement is made in good
7  faith on any subject matter in which the person communicating has an interest, or in reference to
8  which he has a right or a duty, if it is made to a person with a corresponding interest or duty." *Circus*
9  *Circus Hotels, Inc. v. Witherspoon*, 99 Nev. 56, 62 (1983). The question of whether a particular
10 communication is conditionally privileged is a question of law for the court. *Id.* If the court finds
11 that the communication was conditionally privileged, the burden then shifts to the plaintiff to prove
12 that the statement was published with malice in fact. *Id.* "The question goes to the jury only if there
13 is sufficient evidence for the jury reasonably to infer that the publication was made with malice in
14 fact." *Id.* Further, the privilege does not apply if it is abused by publishing the statements with
15 malice. *Bank of America Nevada v. Bourdeau*, 115 Nev. 263, 267 (1999).

16   The court is not inclined to dispose of this claim at the motion to dismiss stage. Page asserts
17 that plaintiff has not provided any evidence of malice in fact, and the motion to dismiss is
18 appropriate. However, a motion to dismiss tests the sufficiency of the pleadings, and "[t]o survive
19 a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief
20 that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949. Here, the amended complaint contains
21 sufficient factual matter to state a plausible claim, and court will not look to the sufficiency of the
22 evidence in a motion to dismiss. *Id.* Accordingly, Page's motion to dismiss the claim for
23 defamation per se is denied.

24   **II.    Tortious interference with contractual relations**

25   Page next asserts that the court should dismiss plaintiff's claim for tortious interference with
26 contractual relations because "the evidence demonstrates that there was no contract for the 2009 –
27 2012 term." (Doc. #52). Page argues that: (1) plaintiff admitted in his deposition that there was no
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1   contract for the 2009 – 2012 term; (2) plaintiff has not produced a single document to prove a valid
2   contract; and (3) the parties never reached an agreement. (Doc. #52).

3       Plaintiff notes that this part of the motion is effectively a motion for summary judgment
4   because it relies on documents outside of the pleadings. (Doc. #56). Thus, plaintiff asserts that the
5   court should deny defendant's motion. Page's reply asks the court to convert his Rule 12(b)(6)
6   motion to dismiss into a Rule 56 motion for summary judgment pursuant to Rule 12(d). (Doc. #59).
7   Thus, it is undisputed that Page relies on documents outside of the pleadings in support of his motion
8   to dismiss plaintiff's claim for tortious interference with contractual relations.

9       In a summary judgment motion, the moving party bears the burden of informing the court
10  of the basis for its motion, together with evidence demonstrating the absence of any genuine issue
11  of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A trial court can only consider
12  admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of America*, 285
13  F.3d 764, 773 (9th Cir. 2002). "Authentication is a condition precedent to admissibility . . . ." *Id.*
14  (internal citations omitted). Unauthenticated documents "cannot be considered in a motion for
15  summary judgment." *Id.*

16      The court denies Page's motion to dismiss plaintiff's claim for tortious interference with
17  contractual relations because the motion relies on evidence outside of the pleadings. FED. R. CIV.
18  P. 12(d). Further, the court declines to convert Page's motion into a motion for summary judgment
19  because the supporting evidence is not properly authenticated. *Orr*, 285 F.3d at 773.

20  **Motion for partial summary judgment**

21      The association moves for partial summary judgment on plaintiff's claim to compel
22  arbitration. (Doc. #34). Specifically, the association asserts that plaintiff cannot prove the existence
23  of a valid, written contract. Therefore, there is no agreement to arbitrate the dispute between the
24  parties, and partial summary judgment is appropriate. (Doc. #34).

25      Similar to the discussion above, the association has failed to authenticate the evidence
26  supporting its motion for partial summary judgment. (Doc. #34). Without properly authenticated
27  supporting evidence, the court cannot consider the motion for partial summary judgment. *See Orr*,
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  285 F.3d at 773.

2  Accordingly,

3  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Paul Page's motion to dismiss (doc. #52) be, and the same hereby is, DENIED.

5  IT IS FURTHER ORDERED that defendant Las Vegas Police Managers and Supervisors Association, Inc.'s motion for partial summary judgment (doc. #34) be, and the same hereby is, DENIED.

8  DATED May 31, 2012.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**