1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

STEPHEN G. DeNIGRIS, ESQ.,

              Plaintiff,

v.

LAS VEGAS POLICE MANAGERS
AND SUPERVISORS ASSOCIATION,
INC.,

              Defendant.

2:11-CV-119 JCM (RJJ)

**ORDER**

       Presently before the court is defendant Paul Page's ("Page") motion to dismiss.  (Doc. #52).

Plaintiff Stephen G. DeNigris filed an opposition.  (Doc. #56).  Page then filed a reply.  (Doc. #59).

Also before the court is defendant Las Vegas Police Managers and Supervisors Association, Inc.'s

("the association") motion for partial summary judgment.  (Doc. #34).  Plaintiff filed an opposition.

(Doc. #49).  The association then filed a reply.  (Doc. #53).

**<u>Motion to dismiss</u>**

       Page moves to dismiss the claims in the amended complaint as they relate to him.  (Doc.

#52).  Specifically, Page asserts that plaintiff's defamation per se claim should be dismissed because

the alleged statements were conditionally privileged.  (Doc. #52).  Further, the claim for tortious

interference with contractual relations must be dismissed because plaintiff cannot prove a contract

existed between plaintiff and defendants.  (Doc. #52).  Plaintiff opposes Page's motion, arguing that

**James C. Mahan**
**U.S. District Judge**

1   it is premature and it relies on evidence outside of the pleadings.  (Doc. #56).

2                                    <u>**Legal Standard**</u>

3        A complaint must include a "short and plain statement of the claim showing that the pleader

4   is entitled to relief."  FED. R. CIV. P. 8(a)(2).  The statement of the claim is intended to "give the

5   defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atlantic Corp.*

6   *v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Courts may dismiss causes of

7   action that "fail[] to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).

8        The court must "accept all factual allegations in the complaint as true."  *Tellabs, Inc. v.*

9   *Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  Further, the court must draw all reasonable

10  inferences in plaintiff's favor.  *Twombly*, 550 U.S. at 547.  However, "[t]o survive a motion to

11  dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is

12  plausible on its face."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).

13  Although "not akin to a 'probability requirement,'" the plausibility standard asks for more than a

14  sheer possibility that a defendant has acted unlawfully.  *Id.*  "Where a complaint pleads facts that are

15  'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and

16  plausibility of entitlement to relief.'"  *Id.*

17       Pursuant to Federal Rule of Civil Procedure 12(d), a court may convert a Rule 12(b)(6)

18  motion to dismiss into a Rule 56 motion for summary judgment if the moving party relies on matters

19  outside of the pleadings.  FED. R. CIV. P. 12(d).  However, all parties must be given a reasonable

20  opportunity to present pertinent material.  *Id.*; *Grove v. Mead School Dist. No. 354*, 753 F.2d 1528,

21  1532 (9th Cir. 1985).

22  **I.    <u>Defamation per se</u>**

23       Page argues that the court should dismiss the claim for defamation per se because the

24  allegedly defamatory statements were conditionally privileged.  (Doc. #52).  Once Page shows that

25  the statements were conditionally privileged, the burden then shifts to the plaintiff to prove that the

26  statements were published with malice in fact.  (Doc. #52).

27

28

**James C. Mahan**
**U.S. District Judge**                              - 2 -

1    In opposition, plaintiff argues that he has pled a valid claim for defamation per se, including

2    an allegation that the statements were an unprivileged publication to a third person.  (Doc. #56).

3    Further, plaintiff argues that Page's assertion of conditional privilege at the motion to dismiss stage

4    is premature because it raises a factual issue of whether the statements were made in good faith and

5    in the absence of malice.  (Doc. #56).

6    "A qualified or conditional privilege exists where a defamatory statement is made in good

7    faith on any subject matter in which the person communicating has an interest, or in reference to

8    which he has a right or a duty, if it is made to a person with a corresponding interest or duty." *Circus*

9    *Circus Hotels, Inc. v. Witherspoon*, 99 Nev. 56, 62 (1983).  The question of whether a particular

10   communication is conditionally privileged is a question of law for the court.  *Id.*  If the court finds

11   that the communication was conditionally privileged, the burden then shifts to the plaintiff to prove

12   that the statement was published with malice in fact.  *Id.*  "The question goes to the jury only if there

13   is sufficient evidence for the jury reasonably to infer that the publication was made with malice in

14   fact."  *Id.*  Further, the privilege does not apply if it is abused by publishing the statements with

15   malice.  *Bank of America Nevada v. Bourdeau*, 115 Nev. 263, 267 (1999).

16   The court is not inclined to dispose of this claim at the motion to dismiss stage.  Page asserts

17   that plaintiff has not provided any evidence of malice in fact, and the motion to dismiss is

18   appropriate.  However, a motion to dismiss tests the sufficiency of the pleadings, and "[t]o survive

19   a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief

20   that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949.  Here, the amended complaint contains

21   sufficient factual matter to state a plausible claim, and court will not look to the sufficiency of the

22   evidence in a motion to dismiss.  *Id.*  Accordingly, Page's motion to dismiss the claim for

23   defamation per se is denied.

24   **II.    Tortious interference with contractual relations**

25   Page next asserts that the court should dismiss plaintiff's claim for tortious interference with

26   contractual relations because "the evidence demonstrates that there was no contract for the 2009 –

27   2012 term." (Doc. #52).  Page argues that: (1) plaintiff admitted in his deposition that there was no

28

James C. Mahan
U.S. District Judge

contract for the 2009 – 2012 term; (2) plaintiff has not produced a single document to prove a valid contract; and (3) the parties never reached an agreement.  (Doc. #52).

Plaintiff notes that this part of the motion is effectively a motion for summary judgment because it relies on documents outside of the pleadings.  (Doc. #56).  Thus, plaintiff asserts that the court should deny defendant's motion.  Page's reply asks the court to convert his Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment pursuant to Rule 12(d).  (Doc. #59). Thus, it is undisputed that Page relies on documents outside of the pleadings in support of his motion to dismiss plaintiff's claim for tortious interference with contractual relations.

In a summary judgment motion, the moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002).  "Authentication is a condition precedent to admissibility . . . ." *Id.* (internal citations omitted).  Unauthenticated documents "cannot be considered in a motion for summary judgment." *Id.*

The court denies Page's motion to dismiss plaintiff's claim for tortious interference with contractual relations because the motion relies on evidence outside of the pleadings.  FED. R. CIV. P. 12(d).  Further, the court declines to convert Page's motion into a motion for summary judgment because the supporting evidence is not properly authenticated.  *Orr*, 285 F.3d at 773.

**Motion for partial summary judgment**

The association moves for partial summary judgment on plaintiff's claim to compel arbitration.  (Doc. #34).  Specifically, the association asserts that plaintiff cannot prove the existence of a valid, written contract.  Therefore, there is no agreement to arbitrate the dispute between the parties, and partial summary judgment is appropriate.  (Doc. #34).

Similar to the discussion above, the association has failed to authenticate the evidence supporting its motion for partial summary judgment.  (Doc. #34).  Without properly authenticated supporting evidence, the court cannot consider the motion for partial summary judgment. *See Orr*,

1  285 F.3d at 773.

2      Accordingly,

3      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Paul Page's

4  motion to dismiss (doc. #52) be, and the same hereby is, DENIED.

5      IT IS FURTHER ORDERED that defendant Las Vegas Police Managers and Supervisors

6  Association, Inc.'s motion for partial summary judgment (doc. #34) be, and the same hereby is,

7  DENIED.

8      DATED May 31, 2012.

9

10  _____
    **UNITED STATES DISTRICT JUDGE**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28